UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BOYD,<br><br>             Plaintiff,<br><br>   v.<br><br>BRENT CARNEY, K. ROBINSON, and RICK CROSS,<br><br>             Defendants. | No. C11-5782 BHS/KLS<br><br>ORDER GRANTING IN PART/DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

Before the Court is Plaintiff's Motion to Compel. ECF No. 13. Having reviewed the motion, Defendants' opposition (ECF No. 16), Plaintiff's reply (ECF No. 17), and balance of the record, the Court finds and **ORDERS**:

## BACKGROUND

In his complaint, Plaintiff alleges that in June 2011, while he was incarcerated at the Washington State Penitentiary (WSP), Defendants changed his mandatory Halal meat diet to a metabolic diet without any medical dietary authority and without first consulting him and contrary to Plaintiff's religious beliefs. ECF No. 5, at 5-6. Plaintiff alleges that First Amendment right to exercise his religion and Fourteenth Amendment rights to be free of discrimination. He also claims that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* (2000 ed) (RLUIPA).

## DISCUSSION

On November 21, 2011, Defendants received "Plaintiff's First Set of Interrogatories and Request for Production to Brent Carney, K Robinson, and Rick Cross." ECF No. 16, Exh. 1

ORDER - 1

(Declaration of Ohad M. Lowy, ¶ 3). On December 20, 2011, Defendants served Plaintiff with their objections and responses and made 82 pages of responsive documents available to Plaintiff. *Id.* ¶ 4; Motion, Attachment 1. On January 23, 2012, Defendants' counsel received from Plaintiff a request to meet and confer regarding discovery responses. *Id.*, ¶ 5. On January 30, 2012, the parties participated in a telephonic conference but were unable to resolve their discovery dispute. *Id.*, ¶ 6.

In his motion to compel, Plaintiff addresses the sufficiency of several of Defendants' responses, but his objections may be distilled to two issues. The first is that he objects to Defendants' insistence that documents responsive to his discovery requests will be made available for inspection and review either by his representative, by CD, or at a cost of 10 cents per page in addition to postage costs. The second is that he disagrees with the objections submitted in response to Request for Production 5.

**A.  Production for Inspection, CD, or Cost – Request for Production of Documents 1, 2, 3, and 4**

Plaintiff's motion to compel the production of documents at Defendants' expense is denied. Fed. R. Civ. P. 34(a) requires the producing party to make the relevant production available so that the party making the request may "inspect, copy, test or sample" any designated documents. By offering to provide the documents in electronic format, making them available for inspection by a representative, or offering them in hard copy at cost, Defendants have met their obligation under the rule. There is nothing in Rule 34(a) that requires Defendant to pay for the cost of the production. Plaintiff's indigent status does not dictate a contrary finding. He remains responsible for prosecuting his case and for funding his litigation. *See, United States v. MacCollom*, 426 U.S. 317, 321, 96 S. Ct. 2086, 2089, 48 L. Ed. 2d 666 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress

ORDER - 2

..."]. The *in forma pauperis* statute, 28 U.S.C. § 1915 provides for the payment of filing fee and service of process only. In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit reiterated the limited role of prison authorities in assisting prisoners with their litigation. Prison authorities are only required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The Court further held that this assistance is only limited to the pleading stage. *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 384 (1996)).

**B.     Request for Production No. 2**

Plaintiff also complains as to the completeness of Defendants' response to Request for Production No. 2. In that request, Plaintiff asked Defendant Cross to produce all records, email and chrono screen communications regarding Defendant Cross's treatment of Mr. Boyd and discussions between Defendant Cross with WDOC and WSP staff (including Carney and Robinson) regarding Boyd's Halal and metabolic diets. ECF No. 13, at 13. Although Defendants lodged objections, they also made responsive documents available for inspection either by Plaintiff's representative, by CD, or at a cost of 10 cents per page (with postage costs). In addition, Defendant Cross states that as to e-mails between himself and Defendants Carney and Robinson, there are no responsive documents in his care, custody or control. *Id.* This is not a complete response as the request was not limited to emails and records between the three defendants. Rather, it was with regard to WDOC and WSP staff, including the named defendants.

Accordingly, Defendants are directed to provide an amended response to Request for Production No. 2.

ORDER - 3

**C.   Request for Production No. 5 to Defendant Carney Regarding Purchase of Halal Meats**

Defendants objected to this request on relevance grounds and because the documents are not in the possession of Defendant Carney. ECF No. 6, at 5. The undersigned finds that this request is not relevant to the issues in this case. Mr. Boyd has never raised an issue regarding the procurement of Halal meat. His issue in this case is that he wants Halal meat served with his metabolic diet. Therefore, Plaintiff's motion to compel the production of further response from Defendant Carney to Request No. 5 is **Denied.**

Accordingly it is **ORDERED:**

(1)   Plaintiff's motion to compel as to Request for Production No. 2, as limited above, is **GRANTED** and the balance of his motion to compel (ECF No. 13) is **DENIED.** Defendants shall provide further responses, if any, to Request for Production No. 2, as directed herein, within **twenty (20) days of the date of this Order.**

(2)   The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  30th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4