UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BOYD,<br><br>                Plaintiff,<br><br>   v.<br><br>BRENT CARNEY, K. ROBINSON, RICK CROSS,<br><br>                Defendants. | No. C11-5782 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  August 17, 2012** |

      Before the Court is Plaintiff's Motion for Preliminary Injunctive Relief and Restraining Order.  ECF No. 20.  In this motion, Plaintiff seeks an order prohibiting Defendants from transferring him to an out of state correctional facility.  *Id.* Having carefully reviewed Plaintiff's motion, Defendants' response (ECF No. 22), and balance of the record, the Court finds that Plaintiff's motion should be denied.

**BACKGROUND**

      Plaintiff James Boyd, is an out-of-state boarder from Kansas housed at the Washington State Department of Corrections (DOC).  ECF No. 22-1 (Declaration of Carla Schettler, Correctional Program Manager for West Complex Close Custody Living Unit at the Washington State Penitentiary (WSP)).  In his complaint, Mr. Boyd alleges that in June 2011, while he was incarcerated at the WSP, Defendants changed his mandatory Halal meat diet to a metabolic diet without any medical dietary authority and without first consulting him and contrary to his religious beliefs. ECF No. 5, at 5-6.  He alleges that this violated his First Amendment right to

REPORT AND RECOMMENDATION  - 1

exercise his religion and Fourteenth Amendment rights to be free of discrimination.  He also claims that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* (2000 ed) (RLUIPA).

In his motion for preliminary injunctive relief, Mr. Boyd claims that two, unidentified Correctional Officers at WSP told him that "WDOC-Officials were fed up with the plaintiff's [sic] filing civil complaints" and that "WDOC-Department Officials were planning to transfer plaintiff via interstate compact out of the state of Washington."  ECF No. 20, p 3.  Mr. Boyd seeks an order restraining the Defendants in this lawsuit from transferring him.  *Id.,* p. 1.

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted).  Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)).

A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Id.* (citations omitted).   This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id*. at 376.  Moreover, a plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate

REPORT AND RECOMMENDATION  - 2

that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

A.   **No Evidence That Transfer Will Occur**

Mr. Boyd claims that some unknown DOC officials are planning on retaliating against him by moving him to an out of state facility. In support of this claim he submits only the hearsay statements attributed to two unknown staff members whom Mr. Boyd does not identify.

On the other hand, the Correctional Program Manager for the living unit where Mr. Boyd is currently housed states that there are currently no plans to transfer Mr. Boyd. ECF No. 22-1 (Schettler Decl.) Additionally, a state prisoner has no liberty interest avoiding transfer to another prison, even one located out of state. *See Hillen v. Director of Dept. of Social Service and Housing,* 455 F.2d 510 (9th Cir. 1972). Thus, Mr. Boyd has no evidence of a transfer occurring, much less a transferring occurring for impermissible motives.

In addition, to secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id*. at 1251. Here, there is nothing other than Mr. Boyd's unsupported assertions that he will suffer irreparable harm should he be transferred to another facility.

Further, taking authority away from the DOC to make determinations regarding security and safety issues at their facilities is not in the best public interest. Prison officials are afforded great deference in administering the ordinary incidents of prison life such as placement in an appropriate facility. *See Sandin v. Connor*, 515 U.S. 472, 482-83 (1995).

REPORT AND RECOMMENDATION  - 3

1  Accordingly, Mr. Boyd has failed to show that he is entitled to the extraordinary relief he
2  seeks and his motion for injunction relief should be denied.

**B.      Injunction Against Non Parties**

This Court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). Mr. Boyd alleges that unidentified DOC officials intend to transfer him out of state. In this case, he has sued a registered nurse, a food service manager, and a dietician. He does not allege that any of these defendants are involved in his alleged transfer.

Because he seeks an order enjoining parties who are not subject to this Court's jurisdiction, his motion for injunctive relief may be denied on this basis as well.

**C.      Claims Not Raised in Complaint**

In his motion for injunctive relief, Mr. Boyd claims that he is being transferred or threatened with transfer in retaliation for filing civil litigation. ECF No. 20, at 1. This issue is not raised in his Complaint, where he claims that the Defendants changed his mandatory Halal meat diet to a metabolic diet without any medical dietary authority and without first consulting him and contrary to his religious beliefs.. ECF No. 5. Defendants argue that, therefore, the motion should be stricken as immaterial, akin to those pleadings that are stricken pursuant to Fed. R. Civ. P. 12(f).

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint);

REPORT AND RECOMMENDATION  - 4

*Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same). Further, a court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983).

As was explained by the Fourth Circuit in *Omega,* it is important that the movant establish the relationship between the injury claimed in his motion and the conduct asserted in the complaint because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega*, 111 F.3d at 16.

Mr. Boyd's claim that he is going to be transferred due to his litigation is not at issue in his complaint. Nor does he allege that any of the Defendants are somehow involved in the alleged retaliation. Accordingly, the motion for injunctive relief may be denied on this basis as well.

**CONCLUSION**

Based on the foregoing, the undersigned recommends that Plaintiff's motion seeking injunctive relief (ECF No. 20) be **DENIED.**

//

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION - 5

*Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 17, 2012**, as noted in the caption.

    **DATED** this  31st  day of July, 2012.

                                                       Karen L. Strombom
                                                      United States Magistrate Judge