UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BOYD,

              Plaintiff,

v.

BRENT CARNEY, et al.,

              Defendants.

CASE NO. C11-5782BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 31) and Plaintiff James A. Boyd's ("Boyd") objections to the R&R (Dkt. 33). The Court has considered the R&R, Boyd's objections, and the remaining record, and hereby adopts the R&R for the reasons stated herein.

On November 21, 2011, Boyd filed his civil rights complaint alleging violations by Defendants of 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc, *et seq*. (2000 ed.) ("RLUIPA"). Dkt. 5. On August 1, 2012, Judge Strombom issued the R&R recommending that Boyd's motion for summary judgment be denied and Defendants'

ORDER - 1

cross-motion for summary judgment be granted. Dkt. 31. On August 16, 2012, Boyd filed objections to the R&R. Dkt. 33.

In the R&R, Judge Strombom recommends granting Defendants' motion on Boyd's RLUIPA claims because Defendants cannot be held liable under the statute for monetary damages in their official or individual capacity and any request for injunctive relief is moot as Boyd has been placed back on the diet he was requesting. Dkt. 31. Judge Strombom also recommends granting Defendants' motion for summary judgment on Boyd's § 1983 claims because he failed to present evidence to support his claims as discussed in the R&R. *Id*. In his objections, Boyd fails to make any specific objection to Judge Strombom's findings and states that he relies on the previous briefing on the parties' motions for summary judgment. Dkt. 33.

A general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). The court in Howard explained further, that when no specific objection is made,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id*. (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)).

ORDER - 2

1   Here, Boyd's objection to the entirety of Judge Strombom's R&R and instruction
2 to the Court to review the previous briefing does not constitute a specific objection.
3 *Howard*, 932 F.2d at 509.  Accordingly, the Court adopts the R&R.
4   The Court having considered the R&R, Boyd's objections, and the remaining
5 record, does hereby find and order as follows:
6   (1)   The R&R is **ADOPTED**; and
7   (2)   This action is **DISMISSED with prejudice**.
8   Dated this 15th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge